IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS COMBINED FUNDS, INC., | : | |
| BY JAMES R. KLEIN, ADMINISTRATOR | : | |
| Plaintiff | : | No.11-0945 |
| vs. | : | |
| | : | |
| TUPPER INTERIOR SYSTEMS, INC and | : | |
| CHRISTOPHER J. TUPPER, | : | |
| Defendants | : | |
| and | : | |
| | : | |
| ERIEBANK and SUMMIT TOWNSHIP, | : | |
| Garnishees | : | |

## GARNISHEE ERIEBANK'S MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW, ERIEBANK, by its Attorneys who move this Court to alter or amend its March 13, 2012 Entry of Judgment (Docket entry #18) pursuant to Rules 59(e) of the Federal Rules of Civil Procedure.

1. Plaintiff has obtained judgment against the Defendants and executed upon two checking accounts maintained with ERIEBANK, a Garnishee in this matter.

2. The first is a checking account #XXX0736 held in the name of Defendant Tupper Interior Systems, Inc. This account contained $1621.58 on January 30, the date Plaintiff's Writ of Execution was served on ERIEBANK.

3. The second account is a checking account #XXX8528 held in the name of Defendant Christopher J. Tupper, but which is held as an escrow account for the sole benefit of Garnishee ERIEBANK, pursuant to valid "Assignment of Leases and Rents" (hereinafter "assignment of rents") provisions contained two mortgages executed by Defendant Christopher J. Tupper in favor of ERIEBANK. This account contained $551.33 on January 30, the date Plaintiff's Writ of Execution was served on ERIEBANK.

4. The mortgages containing the assignment of rents provisions were filed of record at the Erie County Courthouse on September 18, 2008, over three years prior to the Plaintiff obtaining default judgment in this matter.

5. The Judgment was incorrectly entered because ERIEBANK has a valid first lien upon the rents contained in the escrow account.

6. The Third Circuit, interpreting Pennsylvania Law, has held that the recording of an assignment of rents provision in a mortgage gives mortgagee priority as to junior creditors claim to the funds as long as the mortgagee has taken action to enforce the Assignment of Rents provision. Commerce Bank v Mountainview Village, Inc. 5 F.3d 34, 38-39 (3d Circuit, 1993).

7. Pennsylvania Courts have ruled in similar fashion. See Randal v. Jersey Mortg. Inv. Co., 158 A. 865, 865-66 (Pa. Super. 1932); Bulger v. Wilderman, 101 Pa.Super. 168, 172-73 (1931).

8. The Judgment was incorrectly entered because ERIBANK's Interrogatory response was not an unequivocal admission. ERIEBANK's Answer clearly raised a defense.

9. The Garnishee therefore asks this Court to alter or amend its Judgment to state that execution may only be had by Plaintiff upon checking account # XXX0736, maintained at ERIEBANK Garnishee for Tupper Interior Systems, Inc. in the maximum amount of $1,621.58. This amount represents the balance of that account as of January 30, 2012, the date Plaintiff's Writ of Execution was served upon ERIEBANK.

WHEREFORE, Garnishee respectfully requests this Court to alter or amend its March 13, 2012 Entry of Judgment.

Respectfully submitted,

Date:3/28/12

_____
/s/Peter F. Smith, Attorney
/s/Marshall Chriswell, Attorney
Attorney for the Garnishee
Attorney I.D. # 34291
30 S. 2nd St., P.O. Box 130
Clearfield, PA 16830
(814) 765-5595